UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DR. GERALD FINKEL, as Chairman of the Joint
Industry Board of the Electrical Industry,

                          Plaintiff,

-against-

METROPOLITAN SIGN & MAINTENANCE
CORP. and THOMAS E. MILLER,

                         Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-6288 (CBA) (VVP)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 27 2013 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge**.

Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry ("Plaintiff"), brings this action in his capacity as administrator and fiduciary of various employee benefit plans for electrical industry workers pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and various sections of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiff seeks to recover monies allegedly owed by defendants to various benefit funds, as well as associated interest, liquidated damages, and attorney's fees and costs.

The defendants failed to appear or otherwise defend this action, and upon plaintiff's application, the Clerk of the Court entered default against defendants. (DE 7.) Plaintiff filed the instant motion for default judgment (DE 8), which this Court referred to the Honorable Viktor V. Pohorelsky for report and recommendation. Pending before the Court is Judge Pohorelsky's Report and Recommendation (the "R&R") issued on July 22, 2013. (DE 15.)

"A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge." *Wilson v. Dalene*, 699 F. Supp. 2d 534, 540 (E.D.N.Y. 2010). Where, as here, no timely objection has been made to the R&R, the "court need only satisfy

1

itself that there is no clear error on the face of the record" to accept a magistrate judge's Report and Recommendation. *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (internal quotation marks omitted). The Court has reviewed the record and adopts Judge Pohorelsky's R&R as the opinion of this Court, with the below explained modification to the amount awarded pursuant to the stipulation of settlement.

As stated in the R&R and described in ¶¶ 18-32 of Christina A. Sessa's declaration, the parties in this action—Dr. Gerald R. Finkel, as Chairman of the Joint Industrial Board of the Electrical Industry ("JIB"), Metropolitan Sign & Maintenance Corp. ("Metropolitan"), and Thomas E. Miller—entered into a settlement of the claims and debts owed to the JIB for employee benefit contributions as well as associated interest and attorney's fees. (See Stipulation of Settlement, Ex. C to Sessa Decl.) Pursuant to this settlement, Metropolitan and Miller admitted that they were liable, jointly and severally, for a total amount of $27,179.84. (Ex. C to Sessa Decl.) Defendants failed to honor the settlement, and plaintiff commenced this action to recover both monies due under the settlement as well as additional contributions that have become due after the settlement. (R&R at 1-2.)

Ms. Sessa notes in her declaration that the settlement included some monies that Metropolitan had been ordered to pay pursuant to a prior judgment rendered against it in *Finkel v. Metropolitan Sign & Maintenance Corp.*, No. 09-CV-4416 (SJ) (CLP) (E.D.N.Y. Oct. 25, 2010) ("the 2010 judgment")—specifically, $8,257.82 in attorney's fees and $446.19 in interest. (Sessa Decl. ¶ 19.) Thus, as to Metropolitan only, the JIB does not seek the $446.19 in interest and $8,257.82 in attorney's fees and costs included in the 2010 judgment. (Id. at ¶ 20.) Against Metropolitan, plaintiff seeks only $18,475.83 (the $27,179.84 stipulation balance minus $8,257.82 in attorney's fees and $446.19 in interest). (Sessa Decl. ¶¶ 19-20.) Plaintiff asserts, however, that Miller is liable for the entire $27,179.84, as he was not involved in the prior lawsuit and there is no

outstanding judgment against him. (Mem. in Support of Default Motion at 12.) Accordingly, the R&R recommends judgment in the amounts of $18,475.83 against Metropolitan individually and $27,179.84 against Miller individually. (R&R at 17.)

First, the Court notes that even if judgment in different amounts against the company and against Miller is appropriate, such separate amounts should not be awarded individually. This would allow plaintiff double recovery for the same violation (failure to pay under the settlement).

Second, the Court held a hearing on August 23, 2013, to ascertain why plaintiff sought judgment in different amounts against the company and against Miller. As the settlement had satisfied the outstanding amounts due under the 2010 judgment, it appeared to the Court that the proper course was simply to render judgment on the full settlement balance, $27,179.84, against both the company and Miller, jointly and severally. Nonetheless, plaintiff stated that because of the 2010 judgment, he believed judgment should be rendered in different amounts against the company and against Miller: $18,475.83 against Metropolitan Sign and Maintenance Corp. and Thomas E. Miller, jointly and severally, and $8,704.01 against Thomas E. Miller individually. This, however, would allow plaintiff double recovery of the $8,704.01. He would be able to sue the company for the remaining $8,704.01 under the 2010 judgment and sue Miller for $8,704.01 under this default judgment. Thus, the Court finds that the better course here is to issue judgment for the full $27,179.84 due under the settlement against both the company and Miller, jointly and severally. Per the plaintiff's representations to the Court, the operative document at this point is the settlement, not the 2010 judgment. As plaintiff himself stated at the hearing, once the settlement monies are paid, the 2010 judgment will be completely satisfied.

Plaintiff's motion for default judgment is granted. Judgment shall enter against defendants in the following amounts:

(1) $25,240.04 in unpaid ERISA contributions, against Metropolitan Sign and Maintenance Corp. and Thomas E. Miller, jointly and severally;

(2) $1,785.27 in unpaid DSP contributions against Metropolitan Sign and Maintenance Corp. and Thomas E. Miller, jointly and severally;

(3) $731.94 in interest on the unpaid contributions through July 26, 2013, plus $2.01 per day thereafter to the date of judgment, against Metropolitan Sign and Maintenance Corp. and Thomas E. Miller, jointly and severally;

(4) $29.88 in interest on late paid contributions, against Metropolitan Sign and Maintenance Corp. and Thomas E. Miller, jointly and severally;

(5) $5,405.05 in liquidated damages on the unpaid contributions, against Metropolitan Sign and Maintenance Corp. and Thomas E. Miller, jointly and severally;

(6) $27,179.84 for the amount owed under the stipulation of settlement, against Metropolitan Sign and Maintenance Corp. and Thomas E. Miller, jointly and severally;

(7) $1,040.33 in interest on the amount owed under the stipulation of settlement through July 26, 2013, plus $2.23 per day thereafter to the date of judgment, against Metropolitan Sign and Maintenance Corp. and Thomas E. Miller, jointly and severally;

(8) $625.65 in liquidated damages under the stipulation of settlement, against Metropolitan Sign and Maintenance Corp. and Thomas E. Miller, jointly and severally; and

(9) $6,593.92 in attorney's fees and costs, against Metropolitan Sign and Maintenance Corp., and Thomas E. Miller, jointly and severally.

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.
Dated: Brooklyn, N.Y.
August 26, 2013

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge